IN THE INTEREST OF E.L-W.
No. 28725.
Intermediate Court of Appeals of Hawaii.
December 16, 2008.
On the briefs:
Joseph Dubiel, for Father-Appellant
Mark J. Bennett, Attorney General, Patrick A. Pascual, Mary Anne Magnier, Deputy Attorneys General, for Petitioner-Appellee, Department of Human Services.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, NAKAMURA and LEONARD, JJ.
Father-Appellant (Father) appeals the Amended Order Awarding Permanent Custody, filed in the Family Court of the First Circuit (Family Court)[1] on August 29, 2007, awarding custody of E.L-W. (Child) to the Department of Human Services (DHS).
Father raises three "major" points of error on appeal:[2] (1) Father was not given a fair trial because he was forced to appear by telephone (from a mainland prison); (2) the Family Court erred and abused its discretion in finding that Father is not presently willing and able to provide Child with a safe family home, even with the assistance of a service plan; and (3) the Family Court erred and abused its discretion in entering the Order Awarding Permanent Custody and the Letters of Permanent Custody, instead of placing Child with the relatives he selected.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Father's points of error as follows:
(1) Father requested that he be able to attend the trial in person or, in the alternative, by telephone. Father's request to attend the trial by telephone was granted by the Family Court. Father's claim that his rights were violated by his telephone attendance at trial is without merit. See In re T.H., 112 Hawai`i 331, 335, 145 P.3d 874, 878 (App. 2006); In re Doe, 102 Hawai`i 335, 339-44, 76 P.3d 578, 582-87 (App. 2003).
(2) & (3) Father admits that he was "sentenced to a period of life without parole," and is "incarcerated at the U.S. Disciplinary Barracks, Fort Leavenworth, Kansas."[3] After an extensive colloquy between Father and the Family Court, Father stipulated to the Family Court's findings of parental unfitness under Hawaii Revised Statutes § 587-73(a)(1) and (2). Father's parental rights were terminated and "the trial became a trial on placement." Upon termination of Father's parental rights, "discretion to determine an appropriate custodian is vested in DHS. " In re Doe, 100 Hawai`i 335, 346, 60 P.3d 285, 296 (2002); see also, In re T Children, 113 Hawai`i 492, 498-99, 155 P.3d 675, 681-82 (App. 2007). Father has no right to direct the placement of Child. Father makes no other arguments that DHS's determination of placement was an abuse of discretion. We conclude there was no abuse of discretion in this case.
For these reasons, the Amended Order Awarding Permanent Custody, filed on August 29, 2007, is affirmed.
NOTES
[1] The Honorable Jennifer L. Ching presided.
[2] Points not raised in accordance with Hawai`i Rules of Appellate Procedure Rule 28(b)(4) are disregarded.
[3] In December 2006, Father was convicted of murdering Child's mother when Child was approximately twenty months old.